ALEJANDRINO ORTIZ REYES ET AL., Plaintiffs and Appellants, *v.* EASTERN SUGAR ASSOCIATES, (A TRUST) ET AL., Defendants and Appellees.

No. 12752. Decided March 29, 1962.

*Vicente Géigel Polanco* and *Vicente Géigel Lanuza* for appellants. *Sifre, Ruiz Suria & Sifre* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM.

On December 31, 1957, Alejandrino Ortiz Reyes and three other workmen who worked as seamen on board the tugboats which the appellee Eastern Sugar Associates used for shipping transportation of sugar cane from the Island of Vieques to Punta Santiago in Humacao and for the shipment abroad of sugar and molasses, filed a complaint claiming payment of extra hours for the period comprised between January 1, 1957 and the filing date. Briefly, they claimed (1) payment at double rate of the hours worked in excess of eight hours a

day, and (2) payment of the weekly wage agreed upon which the enterprise had been paying them since 1943, and which was substituted by a fixed hourly wage as of February 16, 1956.

After hearing the case, the trial court dismissed the complaint and sustained two special defenses set up by the appellee. This order on the special defenses is the object of the only two assignments of error involved in this appeal.

■ 1. The enterprise alleged successfully the defense of res judicata against the claim based on the payment of the weekly wage agreed upon and which, as has been seen, was substituted since February 1956 by a fixed wage for the hours actually worked. In this connection, it was established that in 1956 the complainants had filed the complaints which were entered in the office of the clerk of the Superior Court, San Juan Part, under numbers 56-448, 56-449, 56-450, and 56-451, seeking their reinstatement in the employment and the payment of damages, pursuant to the provisions of § 19 of the Minimum Wage Act of 1941 (Sess. Laws, p. 302; 29 L.P.R.A. § 230). These claims were dropped with prejudice by means of a stipulation which was approved by the court on March 21, 1957, in which it was set forth that the plaintiffs "had compromised their claims."[1] We need not consider whether the defense of res judicata was tenable, even though this complaint referred to a period of services other than, and not comprised in, the previous claims.[2] This

---

[1] The stipulation referred mostly to other claims made by the workmen involving frustrated Belo-type contracts. Section 11 of Act No. 379 of May 15, 1948 (Sess. Laws, p. 1254; 29 L.P.R.A. § 287); Peña v. Eastern Sugar Associates, 75 P.R.R. 288 (1953), aff'd, 222 Fed. 934 (1955); Olazagasti v. Eastern Sugar Associates, 79 P.R.R. 88 (1956); Berríos v. Eastern Sugar Associates, 79 P.R.R. 647 (1956).

[2] The trial court held that the purpose of the stipulation which served as basis to the judgment by dismissal was to compromise not only the economic aspect of the claims for "illegal discharge," but also "the juridical consequences of such action." At least it may be asserted that the judgments of March 1957 constituted a collateral estoppel, Pereira v. Hernández, 83 P.R.R. 156 (1961), and cases cited in footnote 7 of that opinion.

is so because, this notwithstanding, the plaintiffs can not prevail as respects this ground of the cause of action exercised, since, as held in *Limardo* v. *Eastern Sugar Associates*, 84 P.R.R. 259 (1961), the facts and circumstances of which are practically the same as those of the instant case, the change of work was not due to any discrimination on the part of the employer, but to a legitimate purpose, namely, the discontinuance of a labor contract which the courts had decreed was contrary to the express provisions of law.

2. In support of their contention that the hours worked in excess of eight hours a day should be compensated at double rate, the complainants allege that they are seamen and that they are not therefore covered by the provisions of the Federal Fair Labor Standards Act by virtue of the exemption provided for seamen in paragraph 14 of § 13 of that Act, 29 U.S.C.A. § 213; that seamen not being covered by the said Federal Act, the provisions of the "Provided" clause of § 5 of Act No. 379 of May 15, 1948 (Sess. Laws, p. 1254; 29 L.P.R.A. § 274) to the effect that the employers in industries covered by the said Federal Act shall be under the obligation to pay to their employees *only* the hours worked in excess of eight hours a day, at the rate of time and a half, are not applicable to the present case; that the tasks performed by the complainants are covered by the definition of the shipping-transportation industry contained in the Minimum Wage Act of 1956—division R of § 37 of Act No. 96 of June 26, 1956 (Sess. Laws, p. 622; 29 L.P.R.A. § 246i (1960 Supp.)); and since there is no decree covering the shipping-transportation industry, the provisions of § 4 (a), which classifies as extra hours those worked in excess of eight hours a day, and the provisions of § 5, which prescribe the general rule that the extra hours shall be paid at double rate, are applicable to the work performed by complainants.

The difficulty that lies in the position assumed by appellants is that, as inferred from the opinions in *Olazagasti* v. *Eastern Sugar Associates*, 79 P.R.R. 88 (1956), and *Berríos* v. *Eastern Sugar Associates*, 79 P.R.R. 647 (1956), the test for applying the *Provided* clause of § 5 of Act No. 379 is not whether the particular work performed by the workman is covered by the Federal Fair Labor Standards Act, but whether or not the industry to which he renders these services is covered thereby. And in the instant case, whether considered as part of the industrial phase of the sugar industry or as part of the shipping-transportation industry, the tasks performed by the complainants come within the ambit of the federal legislation because they are activities of the interstate commerce or in the production of articles for interstate commerce. Section 1 of the Federal Fair Labor Standards Act, 29 U.S.C.A. § 201, *Berríos* v. *Eastern Sugar Associates*, *supra*, at p. 654. It only follows that the tasks performed by the complainants are covered by the Federal Act, but that the provisions of that Act on minimum wage and workday, §§ 6 and 7 (29 U.S.C.A. §§ 206 and 207), are not applicable thereto by virtue of the exemption provided by par. 14 of § 13 *supra*.[3] It is well to recall here that in *Olazagasti*, *supra*, we stated that the intention of the Legislative Assembly of Puerto Rico in enacting the *Provided* clause of § 5 of Act No. 379 was that the Federal Fair Labor Standards Act should govern in Puerto Rico with all its provisions, including all the exemptions provided therein, with the exception of imposing on the employers in industries covered by the said Federal Act the

---

[3] Paragraph 14 was amended by § 9 of Public Act 87–30 of the 87th Congress, 75 Stat. 65, so as to read: "The provisions of sections 6 and 7 shall not apply to... (14) any employee employed as a seaman *on a vessel other than an American vessel...*" For the legislative history, see U.S. Code Congressional and Administrative News 1349–50 (1961).

obligation to pay to their employees time and a half for the hours worked in excess of eight hours a day.

The appellants allege that the *Berríos* case, *supra*, also involved a seaman and that we ruled that the extra hours worked had to be computed at double rate. However, such result was obtained by applying subd. B-2(a) of Mandatory Decree No. 3 of the Minimum Wage Board which on the date referred to in the complaint covered the work performed by the complainant and provided for payment at double rate. As stated above, since the enactment of the Minimum Wage Act of 1956 the shipping-transportation activity is excluded from Decree No. 3, and in the absence of a specific decree on this shipping-transportation industry [4]

---

[4] Decree No. 38 of the Minimum Wage Board covering the transportation industry, 29 R.&R.P.R. §§ 245n-601 to 604, governs since January 19, 1958, but this decree, by the terms of the definition of industry, does not comprise the shipping transportation. Article 2, 29 R.&R.P.R. § 245n-602, reads as follows:

"(a) The transportation industry, to which this mandatory decree applies, is defined as follows:

"The 'transportation industry' shall comprise, but without limitation, every act, process, operation, work or service that is necessary or incidental or is related to the transportation or conveyance of persons or things, from one place to another, by or in any kind of motor vehicle, including those that run on rails. It shall not include: (1) the transportation of agricultural products from the farm to the market and of supplies from the market to the farm carried out by any farmer in his own vehicles; and (2) the transportation carried out by any employer in vehicles of his property and on his account for purposes or in relation to his industry, if another mandatory decree of the Minimum Wage Board or any federal wage order is applicable to it or if it is included in any industry defined in sec. 37 of the Minimum Wage Act of Puerto Rico [29 L.P.R.A. § 246i].

"(b) The different classifications of said industry shall have the meaning provided hereinafter:

"(1) 'Property motor transport' includes transportation of any kind of freight, by land.

"(2) 'Public service automobiles' includes transportation of passengers, for compensation or pay, in motor vehicles having a capacity of 10 passengers or less (including taxis) and the lease of automobiles with or without chauffeur.

"(3) 'Omnibus companies' includes transportation of passengers

establishing a higher rate, there shall only be paid the extra hours of work at the rate of one and a half, which was the rate paid by the appellee. For that reason, nothing is owed to the complainants.

The judgment rendered by the Superior Court, San Juan Part, on August 26, 1959, will be affirmed.

in omnibus having a capacity of more than 10 persons, excluding the chauffeur.

"(4) 'Private service automobiles' includes transportation of people in private service vehicles.

"(5) 'Other' includes transportation of passengers in any motor vehicle not included in the foregoing classifications."

Decree No. 12 relating to the transportation-service industry, 29 R.&R.P.R. §§ 245n-191 to 197, does not comprise the shipping-transportation either.